ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of - | ) |
| | ) |
| Crowley Government Services, Inc. | ) ASBCA No. 63531 |
| | ) |
| Under Contract No. N62387-15-C-2505 | ) |

APPEARANCES FOR THE APPELLANT:    James Y. Boland, Esq.
                                  Caleb E. McCallum, Esq.
                                    Venable LLP
                                    Tysons Corner, VA

APPEARANCES FOR THE GOVERNMENT:   Craig D. Jensen, Esq.
                                    Navy Chief Trial Attorney
                                  James L. Johnsen, Esq.
                                  Donald J. Thornley, Esq.
                                  Patrick M. Mayette, Esq.
                                    Trial Attorneys

OPINION BY ADMINISTRATIVE JUDGE MCILMAIL ON THE
GOVERNMENT'S MOTION TO DISMISS

On February 13, 2023, appellant, Crowley Government Services, Inc. (Crowley or CGS), appealed from a contracting officer's January 30, 2023 final decision in which the contracting officer at least purported to rescind a Contractor Performance Assessment Reporting System (CPARS) made by Military Sealift Command (MSC) in connection with Contract No. N62387-15-C-2505, in response to Crowley's November 14, 2022 claim to the contracting officer challenging the CPARS. Crowley's claim states:

> This [Contract Disputes Act] (CDA) claim seeks relief
> from the government's inaccurate and unfair past
> performance evaluations of Crowley under the contract, as
> reflected by three past performance evaluations in the
> Contractor Performance Assessment Reporting System
> ("CPARS") posted recently by MSC . . . .  For the reasons
> explained in further detail in this claim, the assigned
> ratings of Marginal (and in some cases of Satisfactory) *and
> the accompanying adverse narratives are factually
> inaccurate, inconsistent with the requirements at Federal
> Acquisition Regulation ("FAR") Subpart 42.15, and
> unfair.*  In addition, contrary to applicable law and

regulation, Crowley never received an opportunity to review and respond to these evaluations before MSC finalized and posted them. Only recently did MSC permit Crowley to submit responses, meaning that officials evaluating Crowley's proposals for further government business have been relying on unfair and inaccurate information regarding Crowley's performance. In fact, Crowley has performed all aspects of the contract as required and in compliance with all contract terms.

(R4, tab 2 at 1) (emphasis added). And the contracting officer's final decision states:

*Although MSC's leadership stands by the factual substance of its CPARS ratings*, in recognition of MSC's longstanding business relationship with CGS and the possible procedural irregularities during the issuance of these three CPARS entries, *I will direct the following relief: MSC will rescind the finalized performance evaluations in CPARS for the 2016-2017, 2017-2018, and 2018-2019 reporting periods.* This relief is the most equitable resolution to the claim given the difficulty of resolving factual disputes from performance periods extending back over 7 years, the diminishing relevance of these performance periods to CGS's likelihood of success in future government contracts, and the availability of other sources of information available to future procuring agencies to assess CGS's performance on this contract, *i.e.* past performance questionnaires.

(R4, tab 1 at 1-2) (emphasis added). Crowley's February 13, 2023 notice of appeal indicates that the appeal challenges the terms of the rescission – specifically the contracting officer's reservation regarding the "factual substance" of the CPARS ratings – stating (emphasis added):

On November 14, 2022, Crowley submitted a claim pursuant to the CDA seeking a contracting officer's final decision *providing relief from unlawful, factually unsupported, and procedurally improper CPARS assessments* issued under Contract No. N62387-15-C-2505. On January 30, 2023, the contracting officer issued a final decision denying the full relief sought by Crowley, *stating that "MSC's leadership stands by the factual*

2

*substance of its CPARS ratings"* and that Crowley has a right of appeal.

The government moves to dismiss the appeal, saying that "the contracting officer's relief mooted" the claim (gov't mot. at 1), and cites *DynCorp International, LLC*, ASBCA No. 62,227, 20-1 BCA ¶ 37,682 at 182,944, for the point that "when it develops during litigation that the relief sought has been granted, or the matters in controversy are no longer at issue, the case is moot and should be dismissed for lack of jurisdiction." However, there is no "litigation development" at issue in this appeal; that is, nothing has happened *during* the litigation of this appeal that has arguably mooted the appeal. Rather, an element of the contacting officer's decision – that is, what is at least arguably a reservation of the "factual substance" of the CPARS ratings despite the rescission of "the finalized performance evaluations in CPARS for the 2016-2017, 2017-2018, and 2018-2019 reporting periods" – is the *subject* of the litigation (R4 tab 1 at 1).

A case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome. *Humane Society of the United States v. Clinton*, 236 F.3d 1320, 1331 (Fed. Cir. 2001). At least at this early stage of the litigation, we identify in this appeal the following live issues: (1) whether, given the reservation in the rescission decision of the "factual substance" of the CPARS ratings, that "factual substance" somehow survives the contracting officer's rescission decision, to the prejudice of Crowley; and (2) whether, if so, the "factual substance" of the CPARS ratings is fair, accurate, and consistent with Federal Acquisition Regulation (FAR) Subpart 42.15. Consequently, we deny the motion to dismiss for lack of jurisdiction, without prejudice.

Dated: June 7, 2023

TIMOTHY P. MCILMAIL
Administrative Judge
Armed Services Board
of Contract Appeals

(Signatures continued)

3

I concur                                    I concur


RICHARD SHACKLEFORD                         OWEN C. WILSON
Administrative Judge                        Administrative Judge
Acting Chairman                             Vice Chairman
Armed Services Board                        Armed Services Board
of Contract Appeals                         of Contract Appeals


I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 63531, Appeal of Crowley Government Services, Inc., rendered in conformance with the Board's Charter.

Dated:  June 7, 2023


PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals

4